IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

HENRY SMITH                                                                                       PLAINTIFF

v.                                         Civil No. 6:19-CV-06089

DR. HOSAM KAMEL (Medical Director,                                                  DEFENDANTS
Quapaw Rehabilitation Center) and
BRENDALYN JACOB (Power of Attorney)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff is currently incarcerated in the Federal Bureau of Prisons, Forrest City Medium Correctional Institution, Forrest City, Arkansas. Plaintiff filed his Complaint on July 29, 2019. (ECF No. 1). Due to Complaint deficiencies, Plaintiff was ordered to file an Amended Complaint (ECF No's. 8, 12). Plaintiff filed his second Amended Complaint ("the Complaint") on September 19, 2019. (ECF No. 13).

Plaintiff alleges that Defendant Kamel used excessive force against him when he refused to let Plaintiff call his mother and issued verbal threats, including a death threat, against him if he

1

continued to try to call her. (ECF No. 13 at 4). Plaintiff alleges he was traumatized by these verbal threats. (*Id*.). Plaintiff further alleges that Defendant Kamel used the authority given to him by Defendant Jacobs to prevent him from contacting his mother, thereby recklessly endangering Plaintiff's health and well-being. (*Id*. at 5). Both Defendant Kamel and Jacobs are identified by plaintiff as employees of the Quapaw Rehabilitation Center ("Quapaw"). (*Id*. at 2-3).

Plaintiff proceeds against Defendants in their official and personal capacities. (*Id*. at 4). Plaintiff seeks compensatory and punitive damages. (*Id*. at 13).

## II.  LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.  ANALYSIS

Plaintiff's Complaint is subject to dismissal. As a preliminary matter, it does not appear the Defendants, acting through their employment with Quapaw Rehabilitation Center, are state

actors.  Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that each defendant acted under color of state law and that he or she violated a right secured by the Constitution.  *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999).  The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983.  *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

In *Montano v. Hedgepeth*, 120 F.3d 844 (8th Cir. 1997), the Eighth Circuit set forth the analysis to be applied in determining whether state action exists for purposes of § 1983.  Specifically, the Court there said:

> In ascertaining the presence of state action, we must examine the record to determine whether "the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 2753, 73 L. Ed. 2d 482 (1982).  Resolving this question entails a journey down a particularly fact-bound path, *see id*. at 939, 102 S. Ct. at 2754-55, but the Supreme Court has identified two legal touchstones to provide guidance along the way.  To begin with, there can be no "fair attribution" unless the alleged constitutional violation was "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." *Id*. at 937, 102 S. Ct. at 2753.  Furthermore, "the party charged with the deprivation must be a person who may fairly be said to be a state actor.  This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Id*.; *see also Roudybush v. Zabel*, 813 F.2d 173, 176-77 (8th Cir.1987) (repeating two-part test).

*Montano*, 120 F.3d at 848.

There is no allegation in the Complaint that Quapaw and Quapaw employees are state actors.[1]  There is also no allegation Plaintiff was placed in the facility pursuant to a contract with

---

[1] Research by the Court indicates that Quapaw is a private rehabilitation and long-term care facility. https://www.quapawcr.com/ (accessed Dec. 4, 2109).

3

a governmental agency.  Assuming the allegations of the Complaint are true, Quapaw is a private medical staff treating a patient at a facility not associated with a governmental agency and utilizing their independent medical judgment.  Pursuant to *Montano*, neither the named Defendants nor Quapaw are answerable to the state and do not act under color of state law for purposes of § 1983.

If the Court assumes *arguendo*, that Defendants were state actors, Plaintiff has failed to allege a plausible constitutional claim for excessive force.  Plaintiff's sole allegation is that, under Defendant Jacobs' orders, Defendant Kamel verbally threatened him if he continued to try to call his mother.  Clearly, "[v]erbal threats do not constitute a constitutional violation." *Martin*, 780 F.2d at 1339.  Similarly, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) (verbal threats and abuse by jail officials did not rise to the level of a constitutional violation); *Martin*, 780 F.2d at 1338-39 (being called an obscene name and threatened with adverse consequences unless he cut his hair and shaved does not state a claim of constitutional dimension); *Black Spotted Horse v. Else*, 767 F.2d 516, 517 (8th Cir. 1985) (use of racially offensive language in dealing with a prisoner does not, by itself, state a claim).  Accordingly, even if the Defendants are assumed to be state actors, there is no claim pursuant to § 1983.

### IV.  CONCLUSION

Accordingly, I recommend that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE.  The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g).  I therefore recommend that the clerk be directed to place a § 1915(g) strike flag on the case.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely**

objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

**DATED** this **14th day of February 2020**.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE